UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARK ANTHONY GILL, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>NOE JUSTIN MARANDET, M.D., )<br>)<br>Defendant ) | CAUSE NO. 3:08-CV-049 RM |

OPINION AND ORDER

Mark Gill, a *pro se* prisoner confined at the Westville Correctional Center, filed a complaint, alleging that Dr. Noe Marandet, M.D., was negligent and provided him with inadequate medical treatment while he was confined at the Miami Correctional Facility ("MCF"). Pursuant to 28 U.S.C. § 1915A(a), the court shall review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The court must dismiss an action against a governmental entity or officer or employee of a governmental entity if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(b). Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006).

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a RULE 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels

> and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, ___ U.S. ___, ___; 127 S.Ct. 1955, 1964-1965 (2007) (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, RULE 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3 (quotation marks and citation omitted). Furthermore, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*, 127 S.Ct. at 1965, citing Papasan v. Allain, 478 U.S. 265, 286 (1986) (quotation marks omitted).

In his complaint, Mr. Gill asserts that he was a patient of Dr. Marandet at the MCF, and alleges that the treatment Dr. Marandet afforded him "was negligent and below the appropriate standard of care under the color of state law." (Complaint ¶ 2). He states "that as a proximate cause of the negligence of the defendant . . . [he] . . . incurred medical and physical intangible damages of a nature as to require compensation." (Complaint ¶ 3). Mr. Gill's supplement to his complaint establishes that the events he complains of include allegations that in late 2005 and early 2006 medical staff at the MCF did not change his catheter causing him to suffer from infection, that they removed him from the infirmary and returned him to general population, and that they caused him to fall and injure himself

2

in the whirlpool because they did not provide him the assistance he needed to safely get in and out of the whirlpool.

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294 (1991). In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976).

Deliberate indifference is "something approaching a total unconcern for [an inmate's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." Duane v. Lane, 959 F.2d 673, 677 (7th Cir. 1992) , *citing* McGill v. Duckworth, 944 F.2d 344 (7th Cir. 1991). This total disregard for a prisoner's welfare is the "functional equivalent of wanting harm to come to the prisoner." McGill v. Duckworth, 944 F.2d at 347.

> Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and conciously disregarded it nonetheless.

Pierson v. Hartley, 391 F.3d 898, 902 (7th Cir. 2002).

Deliberate indifference is a very high standard and defendants are not liable even if they were negligent, incompetent, or committed medical malpractice. A prisoner "is not entitled to demand specific care . . . no[r] entitled to the best care possible." Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir. 1997). Negligence and malpractice state no claim upon

3

which relief can be granted, and even if the treatment Dr. Marandet afforded him was negligent and below the appropriate standard of care, it states no federal claim against Dr. Marandet.

Moreover, the supplementary materials Mr. Gill submitted in support of his complaint suggest that he has filed a claim against Dr. Marandet in state court based on these facts, and these materials establish conclusively that he has filed a claim against Dr. Marandet in this court based on these same allegations. In <u>Gill v. Meyers, et al.</u>, 3:06cv61 RM, Mr. Gill alleged that several defendants, including Dr. Marandet, violated his federally protected rights in late 2005 and early 2006 by not changing his catheter, by removing him from the infirmary and returning him to general population, and by causing him to fall and injure himself in the whirlpool because they did not provide him the assistance he needed to safely get in and out of the whirlpool. On March 20, 2007, pursuant to 28 U.S.C. § 1915A(b)(1), this court dismissed the claims against Dr. Marandet.

This court already has reviewed the claims Mr. Gill seeks to bring against Dr. Marandet, and found them not to state a claim upon which relief can be granted. While no final judgment has been entered in 3:06cv61 because some claims still pend in that case against other defendants, Mr. Gill may not present these claims against Dr. Marandet again in this complaint. When final judgment is entered in 3:06cv61, Mr. Gill may file a notice of appeal and seek appellate review of the dismissal of Dr. Marandet. He may not, however, seek to relitigate his claims against Dr. Marandet in a second complaint.

For the foregoing reasons, the court DISMISSES this complaint pursuant to 28 U.S.C. § 1915A(b)(1), and DIRECTS the clerk to close this case.

SO ORDERED.

ENTERED: June  3 , 2008

    /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court